9 F.3d 1549
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
SUSMAN, SAUNDERS & BUEHLER, Plaintiff-Appellee,
v.
SOKOL CRYSTAL PRODUCTS, INC. and Thomas J. Sokol,
Defendants-Appellants.
 No. 93-1415.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 25, 1993.
Decided Nov. 15, 1993.
 
 1
 Before FLAUM and EASTERBROOK, Circuit Judges, and WALTER JAY SKINNER, Senior District Judge*.
 
 Order
 
 2
 The briefs in this case recite a timetable--judgment on December 28, 1992, Rule 59 motion on January 21, 1993 (denied the same day), and notice of appeal on February 17, 1993--that, if true, means the absence of appellate jurisdiction. Only a timely post-judgment motion affects the time to appeal, see Fed.R.App.P. 4(a)(4), and "timely" means 10 days. Appellants' brief does not remark the consequences of the dates, and appellee's brief recites the dates with the same obliviousness.
 
 
 3
 After oral argument appellants filed a memorandum informing us that the date stamped on the Rule 59 motion was erroneous--that the motion had been filed on January 12, making it timely because weekends and holidays are not counted, but that they mechanically inserted the date from the stamp into their brief. We need not ask whether it is appropriate to wage a collateral attack on the Clerk's date stamp, because timeliness under the rules does not depend on filing; it depends on service. Fed.R.Civ.P. 59(e). The motion recites service by hand on January 12, 1993, and is accordingly timely, making the appeal timely. It would have saved everyone considerable time and energy had counsel stated the jurisdictional facts correctly in the first place and noticed the legal consequences if the facts as stated had been correct.
 
 
 4
 A law firm, the plaintiff in this diversity litigation, seeks to recover from its former clients the fee the firm contends was provided by their contract. A magistrate judge held a trial (by consent of the parties) and entered judgment largely in favor of the law firm. The clients' appeal does not contest any of the conclusions in the judge's opinion. Instead defendants make several arguments that the magistrate judge did not address. There is a simple explanation: none of the arguments was presented to the trial judge. Not surprisingly, the law firm contends that all have been waived.
 
 
 5
 Defendants say that these arguments became relevant only when the magistrate judge adopted a theory that the law firm had not pursued: that there had been an oral modification of the contract establishing the terms of the representation. Why, they ask, should they be penalized for confining their defenses and other arguments to those pertinent to the theories the law firm pursued? This might justify delay in presenting the arguments to the magistrate judge--though it is not so clear that the judge took a surprising tack. (The law firm argued that the contract should be construed in a particular way in light of its language and the parties' dealings; defendants were as able as the magistrate judge to see that a different characterization of the same theories and conduct would be "oral modification," and to argue accordingly.) At all events, the way the magistrate judge expressed her conclusions does not justify default. Even in the post-trial motion, defendants did not hint at the arguments pressed on appeal. They did not claim to be taken by surprise or offer any response to the magistrate judge's opinion; instead the motion for a new trial contended that the magistrate judge was wrong on the facts and that the person who, Judge Bucklo found, had consented to the modified terms lacked actual authority to do so. These arguments have been abandoned on appeal and new ones substituted. Defendants switched law firms, and the new firm brought a new set of arguments. The fact remains that none of these arguments was presented to the trial court for decision before, during, or after trial. Accordingly, they have been waived.
 
 
 6
 At oral argument, the law firm represented that it would not collect from the guarantor of the corporate client's obligation. The guarantor argued that a modification of the agreement (as the magistrate judge characterized the events) could not bind him. Because the corporate defendant has posted a supersedeas bond that can be used to satisfy the judgment, collection from the guarantor is unlikely. We expect counsel to honor this commitment.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Of the District of Massachusetts, sitting by designation